

ORIGINAL

GEORGE E. ANDERSON
1905 W. ST. JOSEPH AVE.
PENSACOLA, FLORIDA 32501
850-346-7743
PRO SE PLAINTIFF

UNITED STATES DISTRICT COURT
N. DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE E. ANDERSON, PLAINTIFF, -VS- MIDWEST HOSPITALITY, LLC., Falcon Holding, LLC., Falcon Holding management, LLC., Doing Business As Church's Chicken, DEFENDANT. | NO. 3-12CV3639-B<br>CIVIL RIGHTS COMPLAINT<br>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- AS AMENDED 42 U.S.C. 2000e, et Seq.<br>DEMAND FOR TRIAL BY JURY |

## INTRODUCTION

1. This is a Civil Rights Complaint under Title VII of the civil rights Act of 1964, as amended, 42 U.S.C. 2000e, et, seq., brought by this Plaintiff against defendants in the above Caption, in their RACIAL DISCRIMINATION OF this BLACK PLAINTIFF in favor of WHITE Employees OF LESS Seniority.

## Jurisdiction

2. This Plaintiff is a Citizen of Florida under the Laws of Florida with a Principal Place of residence in Florida. Defendants are Citizens of multi-Jurisdictions with Primary Place of business in Westlake, Texas, doing business in multi-jurisdictions as Church's Chicken. The amount in Controversy, without interest and Cost, exceeds the sum or value specified by 28 U.S.C. § 1332. This Court has Jurisdiction over Civil Rights claims.

## PARTIES

3. Plaintiff

George E. Anderson
1905 W. St. Joseph Ave.
Pensacola, Florida 32501

4. Defendants

Midwest Hospitality, LLC.
Falcon Holding, LLC.,
Falcon Holding Management, LLC.
Church's Chicken.
7 Village Circle, Suite 300
Westlake, Texas, 76262
817-693-5151

# STATE OF THE FACTS

5. This Charging Plaintiff was hired in November 2008 as a Shift Manager at defendant Church's Chicken. Defendant's then hired a white and hispanic employee as shift manager in 2010, and gave them a higher rate of pay than this Plaintiff. The defendant stated that the newly hired employees were paid more due to their previous restaurant experience. The defendants records does not support their contentions. As a result, an investigation by the U.S. Equal Employment Opportunity Commission, was conducted by investigator Price, determining that the Plaintiff was in fact paid less due to his race being black. The evidence obtain by the EEOC's investigation established that there is a reasonable cause to believe that a violation of the statute has been committed by defendants.

6. This Plaintiff does also further alledge that he was not promoted to the position of assistant manager of Church's Chicken due to his race of black. This PRO SE Plaintiff believes that these alledged violations is within the means of title VII of the Civil rights act of 1964, as amended, 42 U.S.C. 2000. et seq., The equal pay act, and the racial discrimination as provided in the first amendment to the united states constitution.

## CONCLUSION

7. These defendants has attempted to claim that they paid the two newly hired non-black employees a higher pay rate based solely on their previous restaurant experience. However this contention fails because, (1) the newly hired non-black employees did not have any sufficient previous experience with the Church's Chicken franchise, and, (2) This Plaintiff had at least two (2) years experience in the church's Chicken franchise, and finally, this PROSE Plaintiff also had years of Church's Chicken experience for years past where he worked at Church's Chicken in Little Rock, Arkansas, and has never been found in violation of any rules and regulations, been reprimanded or faced any disciplinary action while employed with Church's Chicken, by Church's Chicken.

8. Midwest Hospitality, LLC, Falcon Holding, LLC, Falcon Holding Management, LLC, and Church's Chicken are employers within the meaning of title VII of the Civil Rights act of 1964, as amended, and all other coverage has been met.

## PLAINTIFF'S DEMAND FOR RELIEF

9. It is therefore this Plaintiff's demand that relief be ordered as follows:

10. That this defendant Corporation doing business as Church's Chicken pay to this Plaintiff for compensatory damages in the amount of $75,000.00.

11. That this defendant corporation doing business as Church's Chicken Pay to this Plaintiff for Punitive and/or Special damages the sum of $25,000.00. A sum Determined to be $100,000.00 (one hundred thousand dollars).

12. That this defendant Pay to this Plaintiff any Further damages according to Proof, and for this Plaintiff's attorney fees and Court Cost.

DATED: 8-31-2012

George E. Anderson

GEORGE E. ANDERSON
1905 W. St. Joseph AVE.
PENSACOLA, Florida 32501
850-346-7743
Plaintiff IN PROSE

## DEMAND FOR TRIAL BY JURY

PLAINTIFF GEORGE E. ANDERSON HEREBY DEMANDS A TRIAL BY JURY in this Cause of Action.

DATED: 8-31-2012

George E. Anderson

GEORGE E. ANDERSON
1905 W. St. JOSEPH AVE.
Pensacola, Florida 32501
850-346-7743
Plaintiff IN PRO SE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Mobile Local Office**

63 South Royal St., Suite 504
Mobile, AL 36602
Mobile Status Line: 866-408-8075
Mobile Direct Dial: (251) 690-3001
TTY (251) 690-2579
FAX (251) 690-2581

EEOC Charge Number: 425-2010-01075

George Anderson
1905 West St. Joseph Avenue
Pensacola, FL 32501

Charging Party

Midwest Hospitality, LLC
Falcon Holding, LLC
Falcon Holding Management, LLC
Church's Chicken
8967 Pensacola Boulevard
Pensacola, FL 32534

Respondent

## LETTER OF DETERMINATION

Under the authority vested in my by the Commission, I issue the following determination on the merits of this charge filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and all other requirements for coverage have been met.

Charging Party alleged that because of his race, Black, he was paid a lower salary as a Shift Manager than two newly hired White employees.

Examination of the evidence indicates the Charging Party was hired in November 2008 as a Shift Manager. The Respondent hired a White and Hispanic employee as Shift Managers in 2010 and gave them a higher rate of pay than the Charging Party. The Respondent reported that the comparators were paid more because of their previous restaurant experience. The evidence of record does not support the Respondent's position. As a result, I have determined that the Charging Party was paid less due to his race, Black. The evidence obtained during the investigation establishes that there is a reasonable cause to believe a violation of the statute has occurred.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. The confidentiality provisions of Sections 706 and 709 of Title VII, and Commission Regulations apply to information obtained during conciliation.

**The evidence obtained failed to substantiate the Charging Party's allegation that he was not promoted to the position of Assistant Manager because of his race. If the Charging Party wishes to pursue the promotion issue in court at this time, he may request the Commission to issue a NOTICE OF RIGHT TO SUE. There is no requirement to do so; this information is provided as a reminder of the right to sue. Upon receipt of such a request, the Commission will evaluate the need to conciliate further at that time. This letter will be the only notice of the Charging Party's right to sue under Title VII of the 1964 Civil Rights Act, as amended.**

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

6-4-12
Date

Erika LaCour
Erika LaCour
Local Office Director

cc: Respondent Representative
MIDWEST HOSPITALITY, LLC
c/o Lisa Anderson
Director of People Services
7 Village Circle
Suite 300
Westlake, TX 76262

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: **George E. Anderson**
**1905 West St. Joseph Avenue**
**Pensacola, FL 32501**

From: **Mobile Local Office**
**63 S Royal Street**
**Suite 504**
**Mobile, AL 36602**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **425-2010-01075** | **Investigator Price** | **(251) 690-2588** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Erika LaCour — 7-13-2012

Enclosures(s)

**Erika LaCour,**
**Local Office Director**

*(Date Mailed)*

cc:

**MIDWEST HOSPITALITY, LLC**
**D/B/A CHURCH'S CHICKEN**
**c/o Lisa Anderson**
**Director of People Services**
**7 Village Circle, Suite 300**
**Westlake, TX 76262**

Enclosure with EEOC
Form 161-A (11/09)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***



GEORGE E. ANDERSON
1905 W. St. JOSEPH AVE.
PENSACOLA, FLORIDA 32501

RECEIVED
SEP - 6 2012
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-12CV3639-B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
Earle Cabell Building, U.S. Courthouse
1100 Commerce Street - RM 1254
DALLAS, TEXAS 75242
RECEIVED
SEP 06 2012
TAWANA C. MARSHALL, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
U.S. POSTAGE
PAID
PENSACOLA, FL
32501
AMOUNT
$0.15
00038067-18
75242
1000